FILED
2026 Jul-01  PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

**AGUSTIN FRANCO ROJAS,**
    Petitioner,

**v.**

**WARDEN, ETOWAH COUNTY JAIL, et al.,**
    Respondents.

**Case No. 5:26-cv-1103-CLM-NAD**

## MEMORANDUM OPINION

Petitioner Agustin Franco-Rojas seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). For the reasons stated within, the court **GRANTS IN PART** the habeas petition, **DIRECTS** the Clerk of Court to substitute Brian Acuna for Warden, Etowah County Jail as the proper respondent to this action, **DISMISSES** respondents Warden, Pickens County Jail and Charles Anderson, and **DENIES AS MOOT** Franco-Rojas' request that the court enjoin his out-of-district transfer.

1. *Location + Custodian*: At the time Franco-Rojas filed his habeas petition, he was being detained at the Etowah County Detention Center, which is within this judicial district. (*See* Doc. 1, ¶ 3; Doc. 4, p. 2). Thus, this court has jurisdiction over this action even though Franco-Rojas was later moved to Pine Prairie ICE Processing Center in Louisiana. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004), *discussing Ex parte Endo*, 323 U.S. 283, 304–05 (1944). It was also appropriate for Franco-Rojas to originally name as respondent the Warden of the Etowah County Jail because that person was the person who had immediate physical custody of Franco-Rojas and could produce him if the court issued a writ. *See Rumsfeld*, 542 U.S. at 435–36.[1]

---

[1] In contrast, the Pickens County Jail warden and Charles Anderson, in his official capacity as Senior Detention and Deportation Officer, Homewood Field Office, weren't proper respondents because they weren't Franco-Rojas' immediate custodians. Thus, the court will **DISMISS** the Pickens County Jail Warden and Anderson as respondents.

But the Etowah County Jail's Warden is no longer the proper respondent because he no longer is "the person who has custody over" Franco-Rojas. *See* 28 U.S.C. § 2242. Instead, the court finds that Brian Acuna, Acting Director, ICE New Orleans Field Office, is the appropriate respondent who the court can order to produce Franco-Rojas. So the court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Brian Acuna, Acting Director, ICE New Orleans Field Office, for Warden, Etowah County Jail as the proper respondent.

2. *Injunction*: In his petition, Franco-Rojas asks the court to enjoin ICE from transferring him outside this district. (Doc. 1, p. 18). Because Franco-Rojas has already been transferred outside this judicial district, the court **DENIES** Franco-Rojas' request to enjoin an out-of-district transfer **AS MOOT**.

3. *Merits*: As for the merits of his petition, Franco-Rojas brings four claims that assert that he is being unlawfully detained without bond. (*See id.*, ¶¶ 21–51). In response, Acuna concedes that under current Eleventh Circuit precedent, Franco-Rojas is entitled to relief on his Count One claim that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b) and 1226(a). (Doc. 4, p. 4). As Acuna notes, the Eleventh Circuit recently held in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026), that § 1225's mandatory detention rules apply "to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." So "§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior, whether he is being removed on grounds of deportability or inadmissibility." *Id.* at 1280.

Franco-Rojas is a native and citizen of Mexico who entered the United States in 2006 without being admitted or paroled by an immigration officer. (Doc. 1, ¶ 15). And although Franco-Rojas does not have legal status, he has remained within the United States since January 2006. (*Id.*, ¶ 16). The court thus agrees with the parties that under binding Eleventh Circuit precedent Franco-Rojas' detention is governed by 8 U.S.C. § 1226. Because Franco-Rojas is detained under § 1226(a), he may seek a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("[A]liens detained under § 1226(a) receive bond hearings at the outset of detention."). Thus, the court will **GRANT** Franco-Rojas' request for habeas relief in Count 1 of his petition.

—

Because the court is granting Franco-Rojas relief on his statutory claim, the court finds that it needn't address the claims for relief Franco-Rojas brings in Counts 2–4. And having considered the parties' arguments and other grants of similar petitions for writs of habeas corpus filed within this district, the court finds it appropriate to order the following relief:

1. The court **ORDERS** Acuna to either (a) bring Franco-Rojas before an immigration judge for a bond hearing by **July 8, 2026**, or (b) release Franco-Rojas from custody.

2. If a bond hearing is conducted, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Franco-Rojas and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006).

3. Franco-Rojas' counsel must receive at least 48 hours' notice of the hearing but only if she enters her appearance in the Executive Office of Immigration Review's online filing system in time to receiveAlv the notice.

4. If either (a) Franco-Rojas is not given a bond hearing by July 8, 2026, or (b) an immigration judge denies bond for reasons that conflict with current Eleventh Circuit precedent (*i.e.*, *Hernandez Alvarez*), then this court **ORDERS** that Acuna release Franco-Rojas with reasonable conditions of supervision.

The court **DIRECTS** Acuna to file a notice on or before **July 13, 2026**, reporting on the results of the individualized bond hearing or informing the court that Franco-Rojas has been released from custody.

## CONCLUSION

For these reasons, the court **GRANTS IN PART** the habeas petition (doc. 1), **DIRECTS** the Clerk of Court to substitute Brian Acuna for Warden, Etowah County Jail as the proper respondent to this action, **DISMISSES** respondents Warden, Pickens County Jail and Charles Anderson, and **DENIES AS MOOT** Franco-Rojas' request that the court enjoin his out-of-district transfer.

The court will enter a separate final judgment that carries out this ruling and closes this case.

**DONE** and **ORDERED** on July 1, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

4